# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1848V
UNPUBLISHED

| | |
|---|---|
| DEBRA HEAGLE,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: June 16, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Influenza<br>(Flu); Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*Brynna Gang, Kraus Law Group, LLC,* Chicago, IL, for Petitioner.

*Benjamin Patrick Warder, U.S. Department of Justice,* Washington, DC, for Respondent.

**DECISION AWARDING DAMAGES**[1]

On December 14, 2020, Debra Heagle filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered bilateral shoulder injuries related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine in her right arm and a tetanus, diphtheria, and pertussis ("Tdap") vaccine in her left arm. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 16, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On June 14, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $153,529.52 comprised

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

of $145,000.00 for pain and suffering and $8,529.52 for past out-of-pocket expenses. Respondent's Rule 4(c) Report and Proffer on Damages at 7. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner a lump sum payment of $153,529.52 (comprised of $145,000.00 for pain and suffering and $8,529.52 for past out-of-pocket expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.